Filed 7/14/14  Meza v. Bailey CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT


| | |
|---|---|
| EVELYN JOSEPHINE MEZA, | B250442 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MS009426) |
| v. | |
| ALPHONSO BAILEY, | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of Los Angeles County.  Carlos P. Baker, Judge.  Affirmed.


Alphonso Bailey, in pro. per., for Defendant and Appellant.


No appearance for Respondent.


_____

Alphonso Bailey appeals from a civil harassment order entered against him. Bailey contends there was insufficient evidence to support the issuance of the order. The record does not include a reporter's transcript or settled statement. We affirm the order.

On June 28, 2013, following a hearing, the trial court issued a civil harassment restraining order requiring Bailey to stay away from Evelyn Meza. The order expires on June 28, 2016. The record in this case consists of a case summary, the court's order, the notice of appeal and designation of the record, and five hearing exhibits Bailey designated to be included in the record. There is no reporter's transcript.[1]

On appeal, Bailey contends there was no clear and convincing evidence that he harassed Meza within the meaning of Code of Civil Procedure section 527.6;[2] there was insufficient evidence of a likelihood of continuing harm to Meza; and there was insufficient evidence that Meza suffered substantial emotional distress. In the absence of a reporter's transcript or settled statement, we must reject these claims.

---

[1]     The record on appeal does not include a copy of Meza's petition for a restraining order. According to Bailey's appellate brief, Meza and Bailey were in a consensual relationship, but in April 2013, Meza alleged Bailey took her to the desert, tied her up, threatened to kill her, and swung a tire iron at her head. Bailey indicates Meza also alleged Bailey sexually assaulted her; Bailey was detained by law enforcement but was later released. Bailey denied the allegations and denied harassing Meza. He asserts he submitted evidence of two polygraph tests which indicated he was telling the truth, as well as affidavits from Meza's mother and friend, in which the declarants stated Meza frequently lied.

[2]     Under Code of Civil Procedure section 527.6, a person who has suffered "harassment" may seek an injunction prohibiting harassment. (§ 527.6, subd. (a)(1).) Harassment is defined as "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose. The course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner." (§ 527.6, subd. (b)(3).)

"[I]t is settled that: 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.]" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564, original italics.) When reviewing a trial court ruling we do not reweigh the evidence, make our own factual inferences that contradict those of the trial court, or second guess the trial court's credibility determinations. (*Citizens Business Bank v. Gevorgian* (2013) 218 Cal.App.4th 602, 613.)

As a result, "[w]here no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters*. To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error. [Citation.] The effect of this rule is that an appellant who attacks a judgment but supplies no reporter's transcript will be precluded from raising an argument as to the sufficiency of the evidence." (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992 (*Fain*), italics in original; *Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 154.)

It is the appellant's burden to present an adequate record for review. Bailey has failed to do so here. We presume the unreported hearing testimony would demonstrate the absence of error and would provide substantial evidence for the issuance of the restraining order. (*Fain, supra,* 75 Cal.App.4th at p. 992.) Since Bailey's only argument is that the trial court order was not supported by sufficient evidence, we must affirm the judgment. (*Oliveira v. Kiesler* (2012) 206 Cal.App.4th 1349, 1362.)

3

## DISPOSITION

The trial court order is affirmed.  As there has been no appearance for respondent, no costs will be awarded on appeal.


                                        BIGELOW, P.J.

We concur:


        RUBIN, J.


        GRIMES, J.